IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WINIX, INC. and WINIX AMERICA INCORPORATED,<br><br>Plaintiffs,<br><br>v.<br><br>WINIX SOLUTIONS, LLC and TIMOTHY POSCHEL,<br><br>Defendants. | )<br>)<br>)<br>)<br>) Civil Action File No.<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) |

## COMPLAINT FOR CYBERSQUATTING; TRADEMARK INFRINGEMENT; FALSE DESIGNATION OF ORIGIN; DECEPTIVE TRADE PRACTICES; AND USE OF <u>SIMILAR TRADEMARKS, NAMES, OR DEVICES</u>

Plaintiffs Winix, Inc. and Winix America Incorporated (collectively, "Winix"), by and through their attorneys, file this Complaint against Defendants Winix Solutions, LLC ("Winix Solutions") and Timothy Poschel ("Poschel") for injunctive relief and damages as follows.

## <u>JURISDICTION AND VENUE</u>

1.     This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*., under the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A § 10-1-370, *et seq*., and under the Georgia Code, O.C.G.A. § 23-2-55.

2.     This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) as involving a federal question.

3.     This Court has pendent jurisdiction over the claims arising under Georgia law pursuant to 28 U.S.C. § 1367(a) as the asserted state claims are substantially related to the claims arising under the trademark laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

4.     This Court has personal jurisdiction over Winix Solutions and Poschel (collectively, "Defendants") because Defendants are located in the Northern District of Georgia, Atlanta Division.

5.     Venue is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c).

## THE PARTIES

6.     Plaintiff Winix America Incorporated is a corporation organized and existing under the laws of the State of Illinois, having a principal place of business at 120 Prairie Lake Road Suite E, East Dundee, Illinois, 60118.

7.     Plaintiff Winix, Inc. is a corporation of the Republic of Korea, having its principal place of business at 3rd Flr Winix Building 35-1, Unjung-Dong Bundang-Gu, Shiheung-City, Kyunggi, REPUBLIC OF KOREA.

8.     Winix owns the trademark asserted in this action.

9.     Winix Solutions is a Georgia Limited Liability Company, with its principal place of business at 4662 Gilhams Road, Roswell, Georgia, 30075.

10.     Winix is informed and believes, and on that basis alleges, Poschel is an individual who resides at 4662 Gilhams Road, Roswell, Georgia, 30075.

## PLAINTIFFS' BUSINESS AND TRADEMARK

11.     Winix is a manufacturer and distributor of air purifiers, water purifiers, humidifiers, dehumidifiers, and filters. Winix was founded in Korea over 40 years ago, and is well known for manufacturing products that offer clean air, clean water, and comfortable living.

12.     Winix owns the Winix trade name, and WINIX trademark and service mark (collectively, the "WINIX Mark").

13.    Since at least 2002, Winix's use of the WINIX Mark has been extensive, continuous, and exclusive.

14.    Winix's use of the WINIX Mark has been worldwide, with extensive sales in the United States.

15.    Winix has made, and continues to make, a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its filtration products, humidifiers, dehumidifiers, and other products for healthy and comfortable living sold under the WINIX Mark.

16.    As a result of its efforts and use, the WINIX Mark has come to be recognized by the public and members of the trade as being associated with high quality filtration products, humidifiers, dehumidifiers, and other products for healthy and comfortable living, thereby creating goodwill that inures to Winix's benefit.

17.    The WINIX Mark is unique and distinctive and, as such, designates a single source of origin.

18.    In 2005, Winix expanded onto the Internet, operating its website at winixinc.com, and since 2011 at winixamerica.com. The website provides information about Winix, and filtration products, humidifiers, dehumidifiers, and other products for healthy and comfortable living sold under the WINIX Mark.

Screenshots from Winix's www.winixamerica.com website are attached to this Complaint as Exhibit 1.

19.    Winix's website also features retail store services where consumers may directly purchase authentic goods which bear the WINIX Mark, including filtration products, humidifiers, dehumidifiers, and other products for healthy and comfortable living.

20.    Winix extensively advertises and promotes the WINIX Mark in the United States through a variety of media, including the Internet.

21.    Based on Winix's use, including the use described in this Complaint, Winix owns common law trademark rights in the WINIX Mark.

22.    In addition to its extensive common law rights, Winix also owns United States Trademark Registration Nos. 3,594,760 and 3,594,853 for the WINIX Mark. The Certificate of Registration for each registration is attached to this Complaint as Exhibit 2. These registrations are valid and existing on the Principal Register of the United States Patent and Trademark Office.

23.    Winix expends substantial effort and expense to protect the WINIX Mark and the WINIX Mark's distinctiveness in the marketplace.

## DEFENDANTS' UNLAWFUL ACTS

24.     Defendants operate a software architecture and distributed object technology consulting business.

25.     Defendants, without authorization from Winix, registered the domain name winix.mobi on or about June 7, 2011. A copy of the whois data for the domain name winix.mobi is attached to this Complaint as Exhibit 3.

26.     The domain name winix.mobi is identical or confusingly similar to the WINIX Mark.

27.     Defendants use the winix.mobi domain name and the WINIX Mark to host a parking page with commercial links to, among other items, air purifiers and air filters directly competitive with products sold under the WINIX Mark. The website prominently displays the WINIX Mark on every page of the website. A screenshot of the website available at winix.mobi is attached to this Complaint as Exhibit 4.

28.     Winix is informed and believes, and on that basis alleges, Defendants, with actual notice of Winix's rights in the WINIX Mark, use the domain name winix.mobi to divert, for commercial gain, Internet users searching for the WINIX Mark.

29.     Winix is informed and believes, and on that basis alleges, Defendants do not use the domain name winix.mobi in connection with any *bona fide* offering of goods or services.

30.     Defendants, without authorization from Winix, acquired the registration for the domain name winix.us between June 11, 2011, and July 2, 2011. A copy of the whois data for the domain name winix.us is attached to this Complaint as Exhibit 5.

31.     The domain name winix.us is identical or confusingly similar to the WINIX Mark.

32.     Defendants use the winix.us domain name and the WINIX Mark to host a parking page with commercial links to, among other items, air purifiers and air filters directly competitive with products sold under the WINIX Mark. The website prominently displays the WINIX Mark on every page of the website. A screenshot of the website available at winix.us is attached to this Complaint as Exhibit 6.

33.     Winix is informed and believes, and on that basis alleges, Defendants, with actual notice of Winix's rights in the WINIX Mark, use the domain name winix.us to divert, for commercial gain, Internet users searching for the WINIX Mark.

34.     Winix is informed and believes, and on that basis alleges, Defendants do not use the domain name winix.us in connection with any *bona fide* offering of goods or services.

35.     Defendants' unauthorized use of the domain names winix.mobi and winix.us (collectively, the "Infringing Domain Names"), including Defendants' use of commercial parking pages on websites available at the Infringing Domain Names, are likely to cause confusion as to the source, sponsorship, affiliation, or endorsement of the Infringing Domain Names, and are likely to falsely suggest a sponsorship, connection, license, or association of Defendants and the Infringing Domain Names, with Winix.

36.     Poschel is listed as the registrant name in the whois data for each of the Infringing Domain Names.

37.     Winix is informed and believes, and on that basis alleges, Poschel is a direct participant in and a moving and active conscious force behind the infringement and other unlawful acts detailed in this Complaint. Poschel, with actual notice of Winix's rights in the WINIX Mark, registered the Infringing Domain Names and has acknowledged and agreed to allow the commercial parking pages which are on websites available at the Infringing Domain Names.

8

## FIRST CAUSE OF ACTION

### (Cybersquatting Under 15 U.S.C. § 1125(d))

38.     Winix realleges and incorporates by reference paragraphs 1 through 37 above.

39.     Defendants registered and use the Infringing Domain Names.

40.     The WINIX Mark was distinctive and federally registered at the United States Patent and Trademark Office at the time Defendants registered and used each of the Infringing Domain Names.

41.     Each of the Infringing Domain Names are identical or confusingly similar to the WINIX Mark.

42.     Defendants registered, traffic in, or use each of the Infringing Domain Names with a bad faith intent to profit from the WINIX Mark.

43.     Winix is informed and believes, and on that basis alleges, Defendants have not made any prior use of any of the Infringing Domain Names in connection with the *bona fide* offering of any goods or services.

44.     Winix is informed and believes, and on that basis alleges, Defendants have not made any *bona fide* noncommercial or fair use of the WINIX Mark on a website accessible at any of the Infringing Domain Names.

45.     Winix is informed and believes, and on that basis alleges, Defendants use each of the Infringing Domain Names to divert consumers from Winix's website to websites accessible at the Infringing Domain Names for Defendants' commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of these websites.

46.     Defendants' registration, use, or trafficking in each of the Infringing Domain Names constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling Winix to relief.

47.     By reason of Defendants' acts alleged in this Complaint, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Winix is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

48.     By reason of Defendants' acts alleged in this Complaint, Winix is entitled to recover Defendants' profits, actual damages, and the costs of this Action, or statutory damages under 15 U.S.C § 1117, on election by Winix, in an amount of One Hundred Thousand Dollars per domain name infringement.

49.     This is an exceptional case making Winix eligible for an award of attorneys' fees under 15 U.S.C § 1117.

## SECOND CAUSE OF ACTION

### (Trademark Infringement Under 15 U.S.C. § 1114(1))

50.     Winix realleges and incorporates by reference paragraphs 1 through 37 above.

51.     Defendants' use in commerce of Winix's federally registered trademark is likely to cause confusion, mistake, or to deceive.

52.     The acts of Defendants as alleged in this Complaint constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling Winix to relief.

53.     Winix is informed and believes, and on that basis alleges, Defendants have unfairly profited from the trademark infringement alleged in this Complaint.

54.     By reason of Defendants' acts of trademark infringement, Winix has suffered damage to the goodwill associated with the WINIX Mark.

55.     Defendants' acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and the federally registered WINIX Mark.

56.     Defendants' acts of trademark infringement have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

57.    By reason of Defendants' acts alleged in this Complaint, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Winix is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

58.    By reason of Defendants' willful acts of trademark infringement, Winix is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

59.    This is an exceptional case making Winix eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

**(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))**

60.    Winix realleges and incorporates by reference paragraphs 1 through 37 above.

61.    Defendants' use in commerce of the WINIX Mark is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with Winix.

62.     The acts of Defendants as alleged in this Complaint constitute trademark infringement of the WINIX Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Winix to relief.

63.     Defendants have unfairly profited from the actions alleged in this Complaint.

64.     By reason of the Defendants' acts alleged in this Complaint, Winix has suffered damage to the goodwill associated with the WINIX Mark.

65.     The acts of Defendants as alleged in this Complaint have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and the WINIX Mark.

66.     The acts of Defendants as alleged in this Complaint have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

67.     By reason of Defendants' acts alleged in this Complaint, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Winix is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

68.     By reason of Defendants' acts alleged in this Complaint, Winix is entitled to recover Defendants' profits, actual damages, and the costs of the Action,

under 15 U.S.C § 1117. According to the circumstances of the case, including Defendants' willful acts, Winix is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

69.     This is an exceptional case making Winix eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Deceptive Trade Practices Under O.C.G.A. § 10-1-372)

70.     Winix realleges and incorporates by reference paragraphs 1 through 37 above.

71.     Defendants use each of the Infringing Domain Names to divert consumers from Winix's website to websites accessible at the Infringing Domain Names during Defendants' course of business by causing a likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of these websites.

72.     Defendants use each of the Infringing Domain Names to divert consumers from Winix's website to websites accessible at the Infringing Domain Names during Defendants' course of business by causing a likelihood of confusion or misunderstanding as to affiliation, connection, or association with or certification by Winix.

14

73.    Defendants' unlawful use of the WINIX Mark in the Infringing Domain Names and on the commercial parking pages available at the Infringing Domain Names creates a likelihood of confusion or misunderstanding between Defendants and Winix.

74.    Defendants' actual notice of the existence of the WINIX Mark at the time Defendants began using each of the Infringing Domain Names demonstrates Defendants' willfulness in engaging in the deceptive trade practices alleged in this Complaint.

75.    The acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and the WINIX Mark.

76.    By reason of Defendants' acts alleged in this Complaint, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Winix is entitled to preliminary and permanent injunctive relief.

77.    By reason of Defendants' acts alleged in this Complaint, Winix is entitled to recover Defendants' profits, actual damages, and the costs of the Action.

78.    Defendants' willfully engage in deceptive trade practices knowing them to be deceptive, making Winix eligible for an award of attorneys' fees under O.C.G.A. § 10-1-373.

## FIFTH CAUSE OF ACTION

### (Use of Similar Trademarks, Names, or Devices Under O.C.G.A. § 23-2-55)

79.     Winix realleges and incorporates by reference paragraphs 1 through 37 above.

80.     Defendants' unauthorized use of the Infringing Domain Names, including Defendants' use of commercial parking pages on websites available at the Infringing Domain Names with commercial links to, among other items, air purifiers and air filters directly competitive with products sold under the WINIX Mark, constitutes an attempt to encroach upon the business of Winix by the use of the WINIX Mark.

81.     Defendants' unauthorized use of the Infringing Domain Names, including Defendants' use of commercial parking pages on websites available at the Infringing Domain Names with commercial links to, among other items, air purifiers and air filters directly competitive with products sold under the WINIX Mark, demonstrates Defendants' intention of deceiving and misleading the public.

82.     Defendants' actual notice of the existence of the WINIX Mark at the time Defendants began using each of the Infringing Domain Names demonstrates Defendants' intention of deceiving and misleading the public.

83.     Defendants' use of the Infringing Domain Names, which are likely to confuse or mislead the public due to their similarity to the WINIX Mark, and prominent display of the WINIX Mark on the commercial parking pages available at the Infringing Domain Names, demonstrates Defendants' intention of deceiving and misleading the public.

84.     The acts of Defendants alleged in this Complaint have irreparably harmed and, if not enjoined, will continue to irreparably harm Winix and the WINIX Mark.

85.     By reason of Defendants' acts alleged in this Complaint, Winix's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Winix is entitled to preliminary and permanent injunctive relief.

86.     By reason of Defendants' acts alleged in this Complaint, Winix is entitled to recover Defendants' profits, actual damages, and the costs of the Action.

## **<u>DEMAND FOR JURY TRIAL</u>**

87.     Pursuant to Federal Rules of Civil Procedure 38, Winix, Inc. and Winix America Incorporated demands a trial by jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Winix requests judgment against Defendants as follows:

1.      That the Court enter a judgment against Defendants that Defendants have:

a.      violated the rights of Winix in the federally registered WINIX Mark in violation of 15 U.S.C. § 1125(d);

b.      infringed the rights of Winix in the federally registered WINIX Mark in violation of 15 U.S.C. § 1114(1);

c.      infringed the rights of Winix in the WINIX Mark in violation of 15 U.S.C. § 1125(a);

d.      conducted deceptive trade practices which have and continue to harm Winix and the WINIX Mark in violation of O.C.G.A. § 10-1-372; and

e.      infringed the rights of Winix in the WINIX Mark in violation of O.C.G.A. § 23-2-55.

2.      That each of the above acts was willful.

3.      That Defendants be ordered to transfer every domain name which they own which is identical or confusingly similar to the WINIX Mark to Winix.

4.     That Defendants, their agents, representatives, employees, assigns, and suppliers, and all persons acting in concert or privity with Defendants be preliminarily and permanently enjoined from the following activities:

a.     using the WINIX Mark, or any other name, mark, designation, or depiction in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with or sponsored by Winix; and

b.     assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 4(a) above.

5.     That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above.

6.     That Defendants be ordered to account to Winix for, and disgorge, all profits they have derived by reason of the unlawful acts complained of above.

7.     That Defendants be ordered to pay damages, and that those damages be trebled, under 15 U.S.C. § 1117.

8.     That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Winix, in an amount of One Hundred Thousand Dollars per domain name infringement.

19

9.     That Defendants be ordered to pay Winix reasonable attorneys' fees, prejudgment interest, and costs of this Action under 15 U.S.C. § 1117, and under O.C.G.A. § 10-1-373.

10.    That the Court award Winix its costs of suit incurred in this Action.

11.    That Defendants be ordered to file with the Court and serve upon Winix a written report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment within thirty days after the service of the injunction and judgment upon Defendants.

12.    For such other or further relief as the Court may deem just and proper.

Respectfully submitted this 24th day of July, 2015.

**TROUTMAN SANDERS LLP**

By:   */s/ John M. Bowler*
      John M. Bowler
      Georgia Bar No.  071770
      Lindsay Mitchell Henner
      Georgia Bar No. 272310
      Bank of America Plaza, Suite 5200
      600 Peachtree Street, NE
      Atlanta, Georgia 30308-2216
      Telephone:  404-885-3000
      Facsimile: 404-962-6513
      john.bowler@troutmansanders.com

      *Attorneys for WINIX, INC. and*
      *WINIX AMERICA*
      *INCORPORATED*

## FONT CERTIFICATION

I hereby certify that this document is presented in Times New Roman 14.

*/s/ John M. Bowler*
Georgia Bar. No: 071770